UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHEIKH MBACKE,

    Petitioner,

Case No. 10-CV-14488

HONORABLE STEPHEN J. MURPHY, III

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Respondent.

_____/

# ORDER DISMISSING PETITION FOR HABEAS CORPUS (docket no. 1) AND DENYING IN FORMA PAUPERIS STATUS

Cheikh Mbacke is an inmate at the Chippewa County Jail in Sault Ste. Marie, Michigan. Mbacke pled guilty to a single county of identification document fraud in this Court. Judgment, *United States v. Mbacke*, No. 08-cr-20637, Docket No. 14 (E.D. Mich. March 5, 2010); *see also* 18 U.S.C. § 1028 (prohibiting fraud related to production, transfer, or possession of false state identification). This conviction triggered deportation proceedings against Mbacke by the United States Immigration and Customs Service ("ICE"). The United States Immigration Court determined that Mbacke should be deported back to his native Senegal. Petition, Docket No. 1, at 2. At the moment, ICE is awaiting a travel document from Senegal in order to effect Mbacke's deportation. *Id.* at 14–15.

After his conviction, Mbacke claims he waived the standard appeals process to an immigration court's determination, claiming a "language barrier, lack of experience in the laws, and difficulty [finding] legal assistance." *Id.* at 4. He then filed a petition for habeas corpus in this Court in order to prevent his removal, claiming that "[t]here is no other

avenue of relief except filing this petition in this court." *Id.* In addition, Mbacke has not paid a filing fee and has asked for permission to proceed in forma pauperis in this matter.

This Court is without jurisdiction to hear Mbacke's habeas petition. Assurance of jurisdiction is this Court's most important task, for without it, the Court lacks the power to decide the case. *See Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) (calling subject-matter jurisdiction the "first and fundamental question presented by every case brought to the federal courts") (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). The Real ID Act of 2005 provides that

> Notwithstanding any other provision of law . . . or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be *the sole and exclusive means* for judicial review of an order of removal entered or issued under any provision of this chapter . . . .

8 U.S.C. § 1252(a)(5) (emphasis added).

The only exceptions to this general bar can be found in § 1252(e)(2), which deals with expedited removal orders and is inapplicable here. Even with the strongest of arguments opposing removal, this Court is powerless to address them because Congress has not given this Court the authority to decide the question. Accordingly, the Court will enter an order denying Mbacke's application for relief and his application to proceed without paying a filing fee.

**WHEREFORE**, it is hereby **ORDERED** that Mbacke's petition for habeas corpus (docket no. 1) and application to proceed in forma pauperis are **DENIED**.

**SO ORDERED**.

            s/Stephen J. Murphy, III
            STEPHEN J. MURPHY, III
            United States District Judge

Dated: November 15, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 15, 2010, by electronic and/or ordinary mail.

                                              <u>Alissa Greer</u>
                                              Case Manager